UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Maurice Moore, | Case No.: 2:24-cv-01573-APG-MDC |
|---|---|
| Petitioner | **Order Dismissing the § 2254 Habeas Corpus Petition Without Prejudice** |
| v. | |
| Calvin Johnson, | [ECF No. 1] |
| Respondents | |

Petitioner Maurice Moore, a *pro se* Nevada prisoner, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. I dismiss the petition without prejudice and direct the Clerk of the Court to close this case.

**Discussion**

Federal law provides two main avenues to relief for legal challenges to incarceration: (1) a petition for writ habeas corpus under 28 U.S.C. §§ 2241, 2254, 2255; and (2) a civil rights complaint under 28 U.S.C. § 1983.  If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016).  Such claims must be brought, if at all, under § 1983.  If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, he must file a civil rights complaint. *Id*. at 933 ("[P]risoners may not challenge mere conditions of confinement in habeas corpus.") (citing *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979)).

Here, the petition fails to state a cognizable habeas claim.  Although Moore filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, the relief he seeks and his allegations appear to be in the nature of civil rights claims.  Although Moore appears to allege that the state

district court erred by submitting certain jury instructions, the majority of his allegations relate to First Amendment violations, the denial of the ability to work in prison, denial of the opportunity to attend rehabilitation classes, and denial of the opportunity to receive credits towards his prison sentence. Habeas relief is unavailable for "probabilistic claims," i.e. where success on the claims "could potentially affect the duration of confinement" or is "likely to accelerate the prisoner's eligibility for parole." *See Nettles v. Grounds*, 830 F.3d 922, 933-34 (9th Cir. 2016).

Moore cannot pursue both §2254 habeas corpus and § 1983 prisoner civil rights claims in the same case. *See Nettles*, 830 F.3d at 927 (reiterating that "habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brough in a § 1983 action"); *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or duration").

I decline to recharacterize Moore's petition as a civil rights complaint. When a habeas petition is amenable to conversion on its face, federal courts may construe the petition to plead civil rights claims. *Nettles*, 830 F.3d at 935-36. However, habeas actions and prisoner civil rights cases "differ in a variety of respects—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Id*. Moore's petition is not amenable to conversion on its face based on the differences between habeas and civil rights cases and because it is not clear whether recharacterization would disadvantage Moore.

I therefore dismiss the petition without prejudice and instruct the Clerk of the Court to send Moore the approved forms and instructions for filing a 42 U.S.C. § 1983 complaint and a 28 U.S.C. § 2254 habeas corpus petition to help him decide what type of lawsuit he is attempting to raise in federal court.

**Conclusion**

I THEREFORE ORDER:

1. The petition for writ of habeas corpus (ECF No. 1) is dismissed without prejudice.

2. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk will make informal electronic service upon the respondents by adding Nevada Attorney General Aaron D. Ford as counsel for the respondents and to provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.  No response is required from respondents other than to respond to any orders of a reviewing court.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

4. A certificate of appealability is denied because jurists of reason would not find debatable whether the Court is correct in dismissing this action.

5. The Clerk of the Court is directed to send Moore (1) the approved form and instructions for filing a 42 U.S.C. § 1983 complaint; and (2) the approved form and instructions for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

DATED this 25th day of September, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE