UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Maurice Moore, | Case No.: 2:24-cv-01573-APG-MDC |
| Petitioner | **Order Denying Motions Requesting not to Discard and for Advice and Granting Motion for Courtesy Copies** |
| v. | |
| Calvin Johnson, | [ECF Nos. 5, 7, 8] |
| Respondents | |

This closed habeas matter is before me on Petitioner Maurice Moore's motion requesting that this court not discard ECF No. 1 (ECF No. 5), motion for courtesy copies (ECF No. 7), and motion for advice and direction (ECF No. 8).

## Background

Moore initiated this federal habeas proceeding in August 2024. ECF No. 1.  On initial review, I dismissed the petition without prejudice because his allegations appeared to be in the nature of civil rights claims and judgment was entered. ECF Nos. 3, 4.  I instructed the Clerk of the Court to send Moore approved forms and instructions for filing a 42 U.S.C. § 1983 complaint and a 28 U.S.C. § 2254 habeas corpus petition to help him decide what type of lawsuit he is attempting to raise in federal court. ECF No. 3 at 3.

## Discussion

In his motion requesting that this court not discard ECF No. 1, Moore attaches a petition for writ of habeas corpus on a state court form. ECF No. 5.  He does not cite legal authority in the motion.  This action has been and remains closed.  If Moore wishes to seek relief in this court he must file a new action, with a new case number, on the correct court-required form

accompanied by the filing fee or a fully completed application to proceed *in forma pauperis*. I deny his motion requesting that this court not discard ECF No. 1.

Moore requests a copy of ECF No. 5. Generally, an inmate has no constitutional right to free photocopying or to obtain court documents without payment. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). The fundamental constitutional right of access to the courts requires prison authorities to help inmates prepare and file "meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law," *Bounds v. Smith*, 430 U.S. 817, 828 (1977); it does not impose an obligation "to finance and support prisoner litigation," *Lewis v. Casey*, 518 U.S. 343, 384–85 (1996).

Federal courts do not allow prisoners or any other litigants to accrue copy fees—payment for copy fees is required at the time a request is made. LR IC 1-1(i)(5) (paper copies of filed documents may be obtained from the clerk's office after payment of copying fees).[1] Nothing in federal law, the Federal Rules of Civil Procedure, the Local Rules of Practice, or established case law authorizes federal courts to waive or finance copy fees in closed habeas cases. LSR 1-7 (stating that *in forma pauperis* status does not waive a party's "responsibility to pay the expenses of litigation that are not covered by 28 U.S.C. § 1915," which does not provide for copies).

As a one-time courtesy to Moore, I will instruct the Clerk's office to send him one copy of ECF No. 5. Accordingly, Moore's motion is granted to the extent he requests a copy of ECF No. 5.

---

[1] Pursuant to 28 U.S.C. § 1914, the Judicial Conference has adopted a schedule of fees for copying and related services provided by the United States Courts. A fee of 50¢ per page is charged for court staff to reproduce any record or paper filed in a case. *See* Fee Schedule, available on the court's website at https://www.nvd.uscourts.gov/court-information/fee-schedule/.

2

## Conclusion

I THEREFORE ORDER:

1. Petitioner Maurice Moore's motion requesting that this court not discard ECF No. 1 (ECF No. 5) and motion for advice and direction (ECF No. 8) **are denied**.

2. Moore's motion for courtesy copies (ECF No. 7) **is granted** to the extent he requests a copy of ECF No. 5.

3. The Clerk of the Court is directed to send Moore a copy of ECF No. 5.

DATED this 2nd day of April, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

3